1  GREGORY P. DRESSER (CA SBN 136532)
   GDresser@mofo.com
2  ANGELA E. KLEINE (CA SBN 255643)
   AKleine@mofo.com
3  JEFF ROSENBERG (CA SBN 264902)
   JRosenberg@mofo.com
4  BARBARA BARATH (CA SBN 268146)
   BBarath@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8

9  Attorneys for Defendants
   JPMORGAN CHASE BANK, N.A. and
10 JPMORGAN CHASE BANK, N.A., as successor in
   interest to EMC MORTGAGE LLC, formerly known
11 as EMC MORTGAGE CORPORATION

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14

15 | JEAN C. WILCOX, MICHELE HOOD, | Case No.    8:10-cv-01923-CJC-RNB |
16 | and ROBERT HOOD, and SHARIE    | **CLASS ACTION** |
   | GREEN individually and on behalf of all |  |
17 | other consumers similarly situated and in | **[Hon. Cormac J. Carney]** |
   | the public interest, |  |
18 |  | **DECLARATION OF THOMAS** |
19 |              Plaintiffs, | **REARDON IN SUPPORT OF** |
   |  | **DEFENDANTS' MOTION TO** |
20 |       v. | **DISMISS THE SECOND** |
   |  | **AMENDED COMPLAINT** |
   | EMC MORTGAGE CORPORATION, a |  |
21 | Delaware corporation, J.P. MORGAN | **[Fed. R. Civ. P. 12(b)(6)]** |
   | CHASE BANK, N.A., DOES 1 through |  |
22 | 100, inclusive, | Amended Complaint filed: Mar. 14, 2011 |
   |  | Hearing Date:   May 16, 2011 |
23 |              Defendants. | Time:              1:30 p.m. |
   |  | Courtroom:      9B |
24

25

26

27

28

Case No. 8:10-cv-01923-CJC-RNB
Reardon Declaration ISO Motion to Dismiss
sf-2977954v2

I, Thomas E. Reardon, declare as follows:

1.  I am an Assistant Vice President with the litigation support group at JPMorgan Chase Bank, N.A.'s ("Chase").  I make this declaration in support of EMC Mortgage Corporation's ("EMC") and Chase's Motion to Dismiss Plaintiffs' Second Amended Complaint.  I make this declaration based on personal knowledge.  If called as a witness in this action, I could and would testify to the following facts.

2.  I have been employed with Chase for eleven years, and have served in my current role for approximately six years.  In that capacity, one of my responsibilities includes management of researching and reviewing records regarding the servicing of mortgage loans.  As part of my job, I have access to and have gained familiarity with Chase's record-keeping systems regarding the servicing of mortgage loans.  I am routinely called upon to find, collect, and interpret such records.

3.  Chase keeps, in the ordinary course of business, letters and documents sent to and received from borrowers regarding their loans, including borrower applications for mortgage loan modification, and offers, letters, and agreements regarding forbearance, repayment, or modification plans.  I am familiar with these records, and have directed the retrieval of those records applicable to the named plaintiffs in this action.

4.  Attached hereto as Exhibit 1 is a true and correct copy of the April 29, 2009 Forbearance Agreement between Chase and plaintiff Sharie Green.

5.  Attached hereto as Exhibit 2 is a true and correct copy of the March 11, 2010 Forbearance Agreement between Chase and Ms. Green.

6.  Attached hereto as Exhibit 3 is a true and correct copy of the July 8, 2010 Final Notice sent by Chase to Ms. Green.

7.  Attached hereto as Exhibit 4 is a true and correct copy of the Deed of Trust, dated September 16, 2008, between Ms. Green and James Dana and Laura

1  Struble (as borrowers) and Premium Capital Funding, LLC d/b/a Top Dot Mortgage

2  (as lender) for the real property at 5100 Via Dolce, Unit #203, Marina Del Rey,

3  California 90292.

4      I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct.

6      Executed this 1st day of April, 2011 in Westerville, Ohio.

7

8

9

10                                   Thomas E. Reardon

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



**Chase Home Finance LLC**
3415 Vision Drive
Columbus, Ohio 43219
Homeowner's Assistance Department (800)446-8939

April 29, 2009

SHARIE-LEE GREEN
LAURA STRUBLE

MARINA DEL REY CA 90292-7209

RE:  Loan Number ▮▮▮▮4819

Dear Mortgagor(s):

In consideration of Chase Home Finance LLC extending a forbearance for a period of time, it is mandatory that you indicate your acceptance of the following conditions by signing this letter of agreement. This forbearance agreement will not be valid until a signed copy of the agreement is received in our office. If the agreement is not returned, collection and/or foreclosure action will continue.

All the provisions of the Note and security instrument, except as herein provided, shall remain in full force and effect.  Upon the breach of any of the provisions of this agreement, Chase Home Finance LLC may, at its option and without further notice to you, terminate this agreement and will continue collections and/or foreclosure proceedings according to the terms of the Note and security instrument without regard to this instrument.

This forbearance plan does not alter any reporting made to the Credit Bureaus by Chase Home Finance LLC. Any delinquency will be reported in accordance to the terms of the Note and security instrument without regard to this instrument.

In the event that bankruptcy is filed during the course of this forbearance agreement, the agreement will become void.

All payments must be made in certified funds.  We are also able to accept wire payments (i.e. Western Union). If you send a cashier's check or money order, please be sure your account number is located on it. Do not use the Chase internet site for for these payments, this will only delay the payment posting. **All personal checks will be returned.**

It is proposed that the following will be the forbearance period.

| PAYMENTS DUE IN OUR OFFICE | AMOUNT DUE |
|---|---|
| May 8, 2009 | $2,366.00 |
| June 1, 2009 | $2,366.00 |
| July 1, 2009 | $2,366.00 |
| August 1, 2009 | $2,366.00 |

After the final forbearance payment, regular payments will become due in addition to any delinquent payments, fees and/or charges.  If your account is not current once the forbearance period has ended, collections and/or foreclosure activity will resume.

**Exhibit 1, Page 1**

At the conclusion of this plan, if your account remains in default, your file may be reviewed for other workout options. If you are interested in these additional workout  options, it is necessary that you contact Chase Homeowners Assistance prior to the conclusion of the forbearance period to discuss.  Please note that additional information may be necessary.

In effort to better serve our customers, Chase Mortgage Assistance call center has extended the hours of operations from 8 am to 9 pm EST. You may contact us with any questions or comments during these extended hours at 800-446-8939.

**Please sign the original of this agreement and return it by May 8, 2009.  If you have any questions or concerns, please contact me at (800)446-8939.**

**Please send the signed agreement to the following address:**

Chase Home Finance LLC
3415 Vision Drive
Columbus, OH  43219-6009
Attention: Homeowner's Assistance Department, John Steiner

Sincerely,

John Steiner
Repayment Analyst
Homeowner's Assistance Department

Accepted and agreed this 10th day of May 2009

SHARIE-LEE GREEN
Loan #1749934819

LAURA STRUBLE

**Exhibit 1, Page 2**

# EXHIBIT 2

March 11, 2010

Sharie-Lee Green
Laura Struble

████████████████
Marina Del Rey, CA 90292 7209

**Forbearance Plan Agreement**
Account: ████4819 (the "Loan")
Property Address: ████████
████ Marina Del Rey CA 90292 (the "Property")

Dear Mortgagor(s):

Chase Home Finance LLC is writing in response to your recent request for
a Forbearance Plan on the above-referenced account.

All the provisions of the Note and security instrument, except as herein
provided, shall remain in full force and effect. Upon the breach of any
of the provisions of this Agreement, Chase Home Finance LLC may, at its
option and without further notice to you, terminate this Agreement and
continue collection and/or foreclosure proceedings according to the term
of the Note and security instrument, without regard to this instrument.

In order for us to continue processing this workout option, we first need
to confirm your acceptance of the terms and conditions outlined in this
Agreement. To accept this Agreement, please review the following
information, sign and date one copy of the enclosed Acknowledgement of
Borrower(s), and return it to the address provided below within five (5)
days of the date of this letter. The additional copy should be retained
for your records.

Please note that this Agreement will not be valid until a signed copy is
received by Chase at the address indicated. If the Agreement is not
returned, collection and/or foreclosure action will commence or continue.

As of March 11, 2010, your Loan is paid through 08/01/2009. The
total amount past due is $ 34,054.04.

Below we have detailed the proposed payment schedule. Please note that
Chase may find it necessary to increase your regular monthly payment
during this period to cover changes in your monthly escrow charges,
interest rate adjustments, or other adjustments allowed by your Note and
Deed of Trust/Mortgage, as applicable. Please adjust your payments
accordingly.

**Exhibit 2, Page 1**

For California customers, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission toll-free at (877) FTC-HELP or www.ftc.gov.

**Chase Home Finance LLC is attempting to collect a debt, and any information obtained will be used for that purpose.**

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

LM666-1

**Payment Schedule**

| PLAN | DATE | AMT | PLAN | DATE | AMT |
|------|----------|----------|------|----------|----------|
| 01 | 04/10/10 | 1,500.00 | 02 | 05/08/10 | 4,111.79 |
| 03 | 06/08/10 | 4,111.79 | 04 | 07/08/10 | 4,111.79 |
| 05 | 08/08/10 | 8,073.44 | | | |



If once the Forbearance Plan begins on your account, you do not meet the terms of this Agreement, please remember Chase Home Finance LLC may, without further notice to you, terminate the Forbearance Plan and continue collection and/or foreclosure proceedings according to the terms of your Note and Mortgage.  After the final payment of the Forbearance Plan, regular payments will become due in addition to any delinquent payments, fees and/or charges.  If your account is not current once the Forbearance period has ended, collection and/or foreclosure activity will resume.

**During your Forbearance period under this Forbearance Plan, payment should be sent in the form of certified funds (i.e., cashier's check or money order) to the address below.  Please ensure that your account number appears on your payment.**  If you elect to remit your payment(s) by regular mail, we recommend that you send them certified mail to ensure their delivery.

    Overnight/Regular Mail:  Chase Home Finance LLC
                               Attention Homeowner's Assistance Department
                               Mail Code OH4-7354
                               3415 Vision Drive
                               Columbus, OH 43219-6009

This Forbearance Plan does not alter any reporting made to credit reporting agencies by Chase Home Finance LLC.  Any delinquency will be reported in accordance to the terms of the Note and security instrument without regard to this instrument.

**Exhibit 2, Page 3**

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.

LM664-1

**Exhibit 2, Page 4**

## ACKNOWLEDGEMENT OF BORROWER(S)

Account: ▮▮▮4819

Borrower(s): Sharie-Lee Green
             Laura Struble

Property Address: ▮▮▮▮▮▮
                  Marina Del Rey CA 90292

BY SIGNING BELOW, Borrower(s) accepts and agrees to the terms and covenant contained in the document above.

**Borrower 1**

_Sharie Green_
(Print Name)

_[signature]_
(Signature)

_3/14/10_
(Date)

**Borrower 2**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Borrower 3**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Borrower 4**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Borrower 5**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Borrower 6**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Exhibit 2, Page 5**

**Borrower 7**

_____
(Print Name)

_____
(Signature)

_____
(Date)


As a reminder, please sign the original of this Agreement and return it to the address below.  The additional copy of the Agreement should be retained for your records.

   Overnight/Regular Mail:   Chase Home Finance LLC
                                 Attention Homeowner's Assistance Department
                                 Mail Code OH4-7354
                                 3415 Vision Drive
                                 Columbus, OH 43219-6009


LM663-1

# EXHIBIT 3

 **CHASE** ⬡

Loan Number ███4819

CHASE FULFILLMENT CENTER
PO BOX 469030
GLENDALE, CO 80246-9030

JULY 08, 2010

SHARIE-LEE GREEN AND LAURA STRUBLE
████████████████
MARINA DEL REY, CALIFORNIA 90292-7209

### FINAL NOTICE

**Your Request For A Loan Modification May Be Cancelled**
Account Number: ████4819
Property Address ████████████
MARINA DEL REY, CALIFORNIA 90292

Dear SHARIE-LEE GREEN:

**You recently requested a mortgage modification through the Making Home Affordable (MHA) Program.** Approximately two weeks ago we sent you a package of information to complete and return so we can move forward with your application, but we haven't heard from you.

At Chase, we are prepared to do everything we can to make your mortgage payment affordable and help you keep your home. You have options – if you act now.

The first thing we need to do is see if you qualify for an MHA modification. **Here's what you need to do now:**
- Read the enclosed Instructions page.
- Sign and complete the documents enclosed.
- Gather ALL the information listed.
- **Return EVERYTHING required in the FedEx Envelope provided** – before JULY 23, 2010. For faster service, you can FAX your information using the Fax Cover Sheet found at the back of this package.

Please don't delay; the longer you wait the fewer options you have. Take the time to read all the enclosures carefully – and **complete <u>ALL</u> the steps outlined in the Instructions and provide <u>ALL</u> the documents indicated on the Required Documents list. IF YOU FAIL TO RESPOND TO THIS SECOND NOTICE, YOU MAY PERMANENTLY LOSE YOUR ELIGIBILITY FOR AN MHA MODIFICATION.**

We will send you a letter confirming that we have received all of your information within 10 days of receipt. If you qualify, we will set up a Trial Period Plan with lower monthly payments -- and work with you to modify your mortgage loan permanently. We will also see if you might qualify for other special assistance programs that we can offer, such as a refinance, even if you don't qualify for a modification. Don't hesitate to contact us at the number provided below if you have any questions.

At Chase, we value you as a customer and want to do all we can to help you keep your home.

Sincerely,

Homeowner Assistance Department
(866) 550-5705
(800) 582-0542 TDD / Text Telephone

8578A 060810
Page 1 of 4


3 + 2 1 +  ██████████  4 8 1 9 + 1 +  `

**Exhibit 3, Page 1**

Loan Number     ■4819

An important reminder for all our customers: As stated in the "Questions and Answers for Borrowers about the Homeowner Affordability and Stability Plan" distributed by the Obama Administration, "Borrowers should beware of any organization that attempts to charge a fee for housing counseling or modification of a delinquent loan, especially if they require a fee in advance." Chase offers loan modification assistance free of charge (i.e., no modification fee required). Please call us immediately at (866) 550-5705 to discuss your options. The longer you delay, the fewer options you may have.

Chase is attempting to collect a debt, and any information obtained will be used for that purpose.

During the MHA eligibility evaluation, if your home has not yet been referred to foreclosure, we will not refer it to foreclosure. However, you may continue to receive collection and other legal notices that are required to be sent prior to the filing of a foreclosure. If your loan was previously referred to foreclosure, we will not sell it at a foreclosure sale, subject to applicable law and judicial rules that may limit our ability to prevent or cancel any pending sale. NOTE: If your initial request for evaluation was received less than seven (7) business days prior to a scheduled sale, we are not required to complete the evaluation for HAMP. Please be aware that during the evaluation period, the foreclosure process may continue at the same time. You may receive foreclosure and/or eviction notices – delivered to you by mail or in person - or you may even notice steps being taken to proceed with a foreclosure sale of your home. Do not ignore any foreclosure notices. While we will not conduct a sale of your home during evaluation (subject to applicable law), to protect your rights under applicable foreclosure law, you may need to respond to these foreclosure notices or take other actions. If you have any questions about the foreclosure process and the evaluation of your modification request, contact us at (866) 550-5705.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

FOR CALIFORNIA CUSTOMERS ONLY:
- For California customers, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after   9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at (877) FTC-HELP or www.ftc.gov.



3 + 21 +        4 8 1 9 + 1 +

**Exhibit 3, Page 2**

**Loan Number** ███ 4819

# MODIFICATION REQUEST INSTRUCTIONS

In order for us to evaluate your request, you must complete the enclosed packet and FedEx or fax it to Chase with the required documentation. Please keep a copy for your records

This packet contains the following items that must be completed, in full, and signed in all required places, in order for your evaluation request to be completed in a timely manner:

1. **Required Documentation for Borrower and Co-Borrower Checklist –**
   Detailed list of the documents you must send to us in addition to the enclosures in the packet

2. **Request for Modification and Affidavit (RMA) –**
   Information about your property, loans, income, etc., as well as details on the circumstances that have made it difficult for you to stay up-to-date with your mortgage payments

3. **4506T-EZ Request for Transcript of Tax Return Form –**
   Allows Chase to receive a transcript of your tax return to verify income information

**If you need any assistance completing this packet please contact us at (866) 550-5705.**

---

Please send the completed packet as well as all required documentation to Chase in the FedEx ENVELOPE PROVIDED.

**Call FedEx at 1-800-463-3339 for pick-up or take your documents to the nearest FedEx drop box.**

---

B578A 060810
Page 3 of 4



3 + 2 1 + ███ 4 8 1 9 + 1 +

**Exhibit 3, Page 3**

Loan Number ▮▮▮▮4819

# REQUIRED DOCUMENTATION

CHASE 

| Borrower Name(s): | SHARIE-LEE GREEN AND LAURA STRUBLE | Property Address: | ▮▮▮▮▮▮▮▮, MARINA DEL REY, CALIFORNIA 90292 |
|---|---|---|---|

### 1. Required Documentation – depending on employment status

| Wage Earner (receive a W-2 from your employer) | Self-Employed |
|---|---|
| ☐ Two (2) pay stubs showing YTD earnings | ☐ P&L Statement / Most Recent Quarterly or YTD Income Statement |

### 2. Required Documentation – ALL

☐ Request for Modification and Affidavit (RMA)

☐ 4506T-EZ Request for Transcript of Tax Return

☐ Most recent statement(s) supporting assets listed on page 2 of the Request for Modification and Affidavit (must provide all pages of statements)

**Is there additional household income you are offering in addition to salary and wages?** ☐ No ☐ Yes

**If Yes, the following documentation is required depending on source of additional income:**

**Social Security, Disability, Death Benefits, Pension, Public Assistance or Unemployment**

☐ Benefit statement or letter from provider that states the amount, frequency and duration **OR**

☐ Evidence of receipt of payment, such as copies of the two most recent bank statements or deposit advances showing deposit amounts.

**Alimony or Child Support (not required but may be voluntarily offered)**

☐ Copy of divorce decree, court verification, separation agreement or letter from provider that states the amount, frequency and duration **OR**

☐ Evidence of receipt of such payments, such as copies of the two most recent bank statements or deposit advances showing deposit amounts.

**Rental Income**

☐ Current Tax Return (must have all Borrower(s) names, signatures and Social Security Numbers included) **OR**

☐ Current lease agreement and two most recent bank statements or cancelled checks reflecting rental payments.

**Is your loan currently escrowed for taxes and insurance?** ☐ No ☐ Yes

**If No, the following documentation is required:**

☐ Most recent property tax bill(s) with a copy of the cancelled check or paid receipt for all recent applicable taxes (County, City, School, etc.)

☐ Current insurance declaration page for all applicable coverage types (must show premium amount for homeowner's, flood and wind)

☐ If your modification includes an extension of the maturity date or capitalization of unpaid balances for your loan and the property is located in a Special Flood Hazard Area, as part of the modification process we are required by law to send you another flood notice confirming your property's flood status. As a result, **if you receive this additional notice from us with your final modification package, all you need to do is to immediately sign the flood notice acknowledgement, as required, and return it to us. The modification will not be processed until the signed acknowledgement is returned.**

In order to complete your request for a modification, you are required to send us a copy of your most recent hazard and flood insurance policy so that we can ensure adequate hazard and flood insurance coverage on your property.

8578A 060810
Page 4 of 4



3 + 2 1 + ▮▮▮▮▮▮ 4 8 1 9 + 1 + `

**Exhibit 3, Page 4**

Making Home Affordable Program
Request For Modification and Affidavit (RMA)



Loan Number ████4819

MAKING HOME AFFORDABLE.gov

**REQUEST FOR MODIFICATION AND AFFIDAVIT (RMA)** page 1 | **COMPLETE ALL FOUR PAGES OF THIS FORM**

Loan I.D. Number: ████4819   Servicer: CHASE HOME FINANCE LLC

| BORROWER | CO-BORROWER |
|---|---|
| Borrower's name **SHARIE-LEE GREEN** | Co-borrower's name **LAURA STRUBLE** |
| Social Security number ████████   Date of birth | Social Security number ████████   Date of birth |
| Home phone number with area code ████████ | Home phone number with area code |
| Cell or work number with area code | Cell or work number with area code |

| I want to: | ☐ Keep the Property | ☐ Sell the Property | |
|---|---|---|---|
| The property is my: | ☐ Primary Residence | ☐ Second Home | ☐ Investment |
| The property is: | ☐ Owner Occupied | ☐ Renter Occupied | ☐ Vacant |

Mailing address
, MARINA DEL REY, CALIFORNIA 90292-7209
Property address (if same as mailing address, just write same)   E-mail address
, MARINA DEL REY, CALIFORNIA 90292

Is the property listed for sale? ☐ Yes ☐ No
Have you received an offer on the property? ☐ Yes ☐ No
Date of offer _____ Amount of offer $_____
Agent's Name: _____
Agent's Phone Number: _____
For Sale by Owner? ☐ Yes ☐ No

Who pays the real estate tax bill on your property?
☐ I do ☐ Lender does ☐ Paid by condo or HOA
Are the taxes current? ☐ Yes ☐ No
Condominium or HOA Fees ☐ Yes ☐ No  $_____
Paid to: _____

Have you contacted a credit-counseling agency for help ☐ Yes ☐ No
If yes, please complete the following:
Counselor's Name: _____
Agency Name: _____
Counselor's Phone Number: _____
Counselor's E-mail: _____

Who pays the hazard insurance premium for your property?
☐ I do ☐ Lender does ☐ Paid by Condo or HOA
Is the policy current? ☐ Yes ☐ No
Name of Insurance Co.: _____
Insurance Co. Tel #: _____

Have you filed for bankruptcy? ☐ Yes ☐ No   If yes: ☐ Chapter 7 ☐ Chapter 13   Filing Date: _____
Has your bankruptcy been discharged? ☐ Yes ☐ No   Bankruptcy case number _____

Additional Liens/Mortgages or Judgments on this property:

| Lien Holder's Name/Servicer | Balance | Contact Number | Loan Number |
|---|---|---|---|
| | | | |

| HARDSHIP AFFIDAVIT |
|---|

**I (We) am/are requesting review under the Making Home Affordable program.**
**I am having difficulty making my monthly payment because of financial difficulties created by (check all that apply):**

☐ My household income has been reduced. For example: unemployment, underemployment, reduced pay or hours, decline in business earnings, death, disability or divorce of a borrower or co-borrower.

☐ My monthly debt payments are excessive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt.

☐ My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities or property taxes.

☐ My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.

☐ Other:

Explanation (continue on back of page 3 if necessary): _____

**Exhibit 3, Page 5**

—

Loan Number [████]4819

## INCOME/EXPENSES FOR HOUSEHOLD

Number of People in Household:

| Monthly Household Income | | Monthly Household Expenses/Debt | | Household Assets | |
|---|---|---|---|---|---|
| Monthly Gross Wages | $ | First Mortgage Payment | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ | Checking Account(s) | $ |
| Child Support / Alimony / Separation² | $ | Insurance | $ | Savings/ Money Market | $ |
| Social Security/SSDI | $ | Property Taxes | $ | CDs | $ |
| Other monthly income from pensions, annuities or retirement plans | $ | Credit Cards / Installment Loan(s) (total minimum payment per month) | $ | Stocks / Bonds | $ |
| Tips, commissions, bonus and self employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received | $ | Net Rental Expenses | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other _____ | $ |
| Food Stamps/Welfare | $ | Car Payments | $ | Other _____ | $ |
| Other (investment income, royalties, interest, dividends etc.) | $ | Other | $ | Do not include the value of life insurance or retirement plans when calculating assets (401k, pension funds, annuities, IRAs, Keogh plans, etc.) | |
| **Total (Gross Income)** | $ | **Total Debt/Expenses** | $ | **Total Assets** | $ |

### INCOME MUST BE DOCUMENTED

¹Include combined income and expenses from the borrower and co-borrower (if any). If you include income and expenses from a household member who is not a borrower, please specify using the back of this form if necessary.
²You are not required to disclose Child Support, Alimony or Separation Maintenance Income, unless you choose to have it considered by your servicer.

### INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. **If you do not wish to furnish the information, please check the box below.**

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| *Ethnicity:* | ☐ Hispanic or Latino<br>☐ Not Hispanic or Latino | *Ethnicity:* | ☐ Hispanic or Latino<br>☐ Not Hispanic or Latino |
| *Race:* | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | *Race:* | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White |
| *Sex:* | ☐ Female<br>☐ Male | *Sex:* | ☐ Female<br>☐ Male |

| To be completed by interviewer | | Name/Address of Interviewer's Employer |
|---|---|---|
| This request was taken by: | Interviewer's Name (print or type) & ID Number | |
| ☐ Face-to-face interview<br>☐ Mail<br>☐ Telephone<br>☐ Internet | Interviewer's Signature          Date | |
| | Interviewer's Phone Number (include area code) | |

**Exhibit 3, Page 6**

Loan Number ████4819

### ACKNOWLEDGEMENT AND AGREEMENT

_In making this request for consideration under the Making Home Affordable Program I certify under penalty of perjury:_

1. That all of the information in this document is truthful and the event(s) identified on page 1 is/are the reason that I need to request a modification of the terms of my mortgage loan, short sale or deed-in-lieu of foreclosure.

2. I understand that the Servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements and may require me to provide supporting documentation. I also understand that knowingly submitting false information may violate Federal law.

3. I understand the Servicer will pull a current credit report on all borrowers obligated on the Note.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement under Making Home Affordable and may pursue foreclosure on my home.

5. That: my property is owner-occupied; I intend to reside in this property for the next twelve months; I have not received a condemnation notice; and there has been no change in the ownership of the Property since I signed the documents for the mortgage that I want to modify.

6. I understand that if my loan does not already include escrows, Servicer may require me to begin paying escrow payments for taxes, hazard and flood insurance, and similar items during the trial period, regardless of whether I complete the trial period or obtain a final modification.

7. I am willing to provide all requested documents and to respond to all Servicer questions in a timely manner and to otherwise comply with all of the requirements of the Making Home Affordable Program that may be in effect from time to time.

8. I understand that the Servicer will use the information in this document to evaluate my eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this document.

9. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

10. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, or am currently entitled to the protections of any automatic stay in bankruptcy, I acknowledge that Servicer is providing the information about the Making Home Affordable program at my request and for informational purposes, and not as an attempt to impose personal liability for the debt evidenced by the Note.

11. I acknowledge that while my request is being evaluated, the Servicer may suspend any scheduled foreclosure sale, but may continue to send legal notices related to foreclosure. Any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if I fail to comply with the terms and conditions of the Making Home Affordable program, including any trial period plan, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action. All rights to such notices are hereby waived by me to the extent permitted by applicable law. I further acknowledge that when the Servicer accepts and posts a payment during the time I am being evaluated, including during any trial period, it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or any foreclosure action and related activities and shall not constitute a cure of any default under the loan documents evidencing and securing the loan unless such payments are sufficient to completely cure my entire default under the loan documents. If you have submitted two or more NSF checks within the past six months, certified funds are required for your trial payment(s).

12. I further acknowledge and agree that if I am offered a trial period plan by the Servicer, making the first payment due under such trial period plan shall be deemed an acceptance of the terms and conditions of the plan.

13. I understand that the Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD certified housing counselor.

14. I will execute such other and further documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Plan or any final modification that I am offered; or (ii) correct the terms and conditions of this

**Exhibit 3, Page 7**

Loan Number ████4819

REQUEST FOR MODIFICATION AND AFFIDAVIT ("RMA") — page 4 | COMPLETE ALL FOUR PAGES OF THIS FORM

Plan or any final modification that I am offered if an error is discovered or the Servicer deems it reasonably necessary to comply with the terms of the Making Home Affordable Program or other program for which I may qualify.

_____     Date: _____/_____/_____

**SHARIE-LEE GREEN**

_____     Date: _____/_____/_____

**LAURA STRUBLE**

### HOMEOWNER'S HOTLINE

*If you have questions about this document or the modification process, please call your servicer.*
*If you have questions about the program that your servicer cannot answer or need further counseling,*
*you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about*
*the program and offers free HUD-certified counseling services in English and Spanish.*

**888-995-HOPE**
Homeowner's HOPE Hotline

### NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your service in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to Lender in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse mismanagement or misrepresentation affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

**Exhibit 3, Page 8**

Loan Number ████ 4819

Form **4506T-EZ**

(Rev. January 2010)

Department of the Treasury
Internal Revenue Service

## Short Form Request for Individual Tax Return Transcript

► **Request may not be processed if the form is incomplete or illegible.**

OMB No. 1545-2154

**Tip.** Use Form 4506T-EZ to order a 1040 series tax return transcript free of charge.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>SHARIE-LEE GREEN | **1b First social security number on tax return**<br><br>████████ |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b Second social security number if joint tax return** |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

████ ████ ████, MARINA DEL REY, CALIFORNIA 90292-7209

**4** Previous address shown on the last return filed if different from line 3

**5** If the transcript is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax information.

| Third party name<br>CHASE FULFILLMENT CENTER | Telephone number<br><br>**(866) 550-5705** |
|---|---|

Address (including apt., room, or suite no.), city, state, and ZIP code

**Regular Mail: PO Box 469030, Glendale, CO 80246-1531  Overnight Mail: 4500 Cherry Creek Dr South, Ste 100, Glendale, CO 80246-1531**

**6** **Year(s) requested.** Enter the year(s) of the return transcript you are requesting (for example, "2008"). Most requests will be processed within 10 business days.

2008          2009          _____          _____

**Caution.** If the transcript is being mailed to a third party, ensure that you have filled in line 6 before signing. Sign and date the form once you have filled in line 6. Completing these steps helps to protect your privacy.

**Note.** *If the IRS is unable to locate a return that matches the taxpayer identity information provided above, or if IRS records indicate that the return has not been filed, the IRS may notify you or the third party that it was unable to locate a return, or that a return was not filed, whichever is applicable.*

**Signature of taxpayer(s).** I declare that I am the taxpayer whose name is shown on either line 1a or 2a. If the request applies to a joint return, **either** husband or wife must sign. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of signature date.*

| | | Telephone number of taxpayer on line 1a or 2a |
|---|---|---|
| **Sign Here** ► Signature (see instructions) | **JULY 08, 2010**<br>Date | |
| ► Spouse's signature | Date | |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 54185S          Form **4506T-EZ** (Rev. 01-2010)



Form 4506T-EZ (Rev. 01-2010)

Page **2**

**Purpose of form.** Individuals can use Form 4506T-EZ to request a tax return transcript that includes most lines of the original tax return. The tax return transcript will not show payments, penalty assessments, or adjustments made to the originally filed return. You can also designate a third party (such as a mortgage company) to receive a transcript on line 5. Form 4506T-EZ cannot be used by taxpayers who file Form 1040 based on a fiscal tax year (that is, a tax year beginning in one calendar year and ending in the following year). Taxpayers using a fiscal tax year must file Form 4506-T, Request for Transcript of Tax Return, to request a return transcript.

Use Form 4506-T to request the following.

• A transcript of a business return (including estate and trust returns).

• An account transcript (contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed).

• A record of account, which is a combination of line item information and later adjustments to the account.

• A verification of nonfiling, which is proof from the IRS that you did not file a return for the year.

• A Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.

Form 4506-T can also be used for requesting tax return transcripts.

**Automated transcript request.** You can call 1-800-829-1040 to order a tax return transcript through the automated self-help system. You cannot have a transcript sent to a third party through the automated system.

**Where to file.** Mail or fax Form 4506T-EZ to the address below for the state you lived in when that return was filed.

If you are requesting more than one transcript or other product and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

| If you filed an individual return and lived in: | Mail or fax to the "Internal Revenue Service" at: |
|---|---|
| Florida, Georgia, North Carolina, South Carolina | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 770-455-2335 |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 512-460-2272 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 559-456-5876 |
| Arkansas, Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 816-292-6102 |

**Signature and date.** Form 4506T-EZ must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506T-EZ within 120 days of the date signed by the taxpayer or it will be rejected.

Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506T-EZ exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506T-EZ will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 9 min.; **Preparing the form,** 18 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506T-EZ simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

3 + 21 +    4819 + 1 +

**Exhibit 3, Page 10**

Loan Number ████ 4819

Form **4506T-EZ**
(Rev. January 2010)

Department of the Treasury
Internal Revenue Service

## Short Form Request for Individual Tax Return Transcript

OMB No. 1545-2154

▶ Request may not be processed if the form is incomplete or illegible.

Tip. Use Form 4506T-EZ to order a 1040 series tax return transcript free of charge.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return |
|---|---|
| LAURA STRUBLE | ████████████ |

| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number if joint tax return |
|---|---|

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

████████████████, MARINA DEL REY, CALIFORNIA 90292-7209

**4** Previous address shown on the last return filed if different from line 3

**5** If the transcript is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax information.

| Third party name | Telephone number |
|---|---|
| CHASE FULFILLMENT CENTER | (866) 550-5705 |

Address (including apt., room, or suite no.), city, state, and ZIP code

**Regular Mail: PO Box 469030, Glendale, CO 80246-1531  Overnight Mail: 4500 Cherry Creek Dr South, Ste 100, Glendale, CO 80246-1531**

**6** **Year(s) requested.** Enter the year(s) of the return transcript you are requesting (for example, "2008"). Most requests will be processed within 10 business days.

2008        2009        _____        _____

**Caution.** If the transcript is being mailed to a third party, ensure that you have filled in line 6 before signing. Sign and date the form once you have filled in line 6. Completing these steps helps to protect your privacy.

**Note.** *If the IRS is unable to locate a return that matches the taxpayer identity information provided above, or if IRS records indicate that the return has not been filed, the IRS may notify you or the third party that it was unable to locate a return, or that a return was not filed, whichever is applicable.*

**Signature of taxpayer(s).** I declare that I am the taxpayer whose name is shown on either line 1a or 2a. If the request applies to a joint return, **either** husband or wife must sign. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of signature date.*

|  | Telephone number of taxpayer on line 1a or 2a |
|---|---|

**Sign Here** ▶

| Signature (see instructions) | Date JULY 08, 2010 |
|---|---|

▶

| Spouse's signature | Date |
|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 2.        Cat. No. 54185S        Form **4506T-EZ** (Rev. 01-2010)

3 + 2 1 +  ████  4 8 1 9 + 1 +

**Exhibit 3, Page 11**

Form 4506T-EZ (Rev. 01-2010)  Page **2**

**Purpose of form.** Individuals can use Form 4506T-EZ to request a tax return transcript that includes most lines of the original tax return. The tax return transcript will not show payments, penalty assessments, or adjustments made to the originally filed return. You can also designate a third party (such as a mortgage company) to receive a transcript on line 5. Form 4506T-EZ cannot be used by taxpayers who file Form 1040 based on a fiscal tax year (that is, a tax year beginning in one calendar year and ending in the following year). Taxpayers using a fiscal tax year must file Form 4506-T, Request for Transcript of Tax Return, to request a return transcript.

Use Form 4506-T to request the following.

• A transcript of a business return (including estate and trust returns).

• An account transcript (contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed).

• A record of account, which is a combination of line item information and later adjustments to the account.

• A verification of nonfiling, which is proof from the IRS that you did not file a return for the year.

• A Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript. Form 4506-T can also be used for requesting tax return transcripts.

**Automated transcript request.** You can call 1-800-829-1040 to order a tax return transcript through the automated self-help system. You cannot have a transcript sent to a third party through the automated system.

**Where to file.** Mail or fax Form 4506T-EZ to the address below for the state you lived in when that return was filed.

If you are requesting more than one transcript or other product and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

| If you filed an individual return and lived in: | Mail or fax to the "Internal Revenue Service" at: |
|---|---|
| Florida, Georgia, North Carolina, South Carolina | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 770-455-2335 |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 512-460-2272 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 559-456-5876 |
| Arkansas, Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 816-292-6102 |

**Signature and date.** Form 4506T-EZ must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506T-EZ within 120 days of the date signed by the taxpayer or it will be rejected.

Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506T-EZ exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506T-EZ will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 9 min.; **Preparing the form,** 18 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506T-EZ simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

**Exhibit 3, Page 12**

# CHASE ◯

Fax Cover Sheet

| | |
|---|---|
| **Date:** | _____ / _____ / _____ |
| **Fax Number:** | 1-866-282-5682 |
| **To:** | Chase Fulfillment Center<br>4500 Cherry Creek Dr South, Ste 100<br>Mail Stop -Initial App-    09<br>Glendale, CO 80246-1531 |

| From: | **MORTGAGOR NAME:** | SHARIE-LEE GREEN AND LAURA STRUBLE |
|---|---|---|
| | **PROPERTY ADDRESS:** | ▮▮▮▮▮▮▮▮▮▮ <br> MARINA DEL REY, CALIFORNIA 90292 |
| | **LOAN NUMBER:** | ▮▮▮▮4819 |

| | |
|---|---|
| **Re:** | Home Affordable Modification Program |

**# Pages**
(including fax cover sheet):    _____

---

## Faxing Instructions:

If you prefer to fax your documents instead of mailing them in the prepaid FedEx envelope provided, please do the following:

- Include this cover sheet as the first page in your fax package to ensure proper handling and receipt of your documents.

- To avoid duplicate documents which may slow your loan modification review process, DO NOT send copies of your documents in the FedEx envelope provided once you have sent your fax.

- Retain a copy of your fax confirmation sheet or other proof of the date and time you sent your fax.

**Exhibit 3, Page 13**

From:    Origin ID: TEXA  (303) 226-8101
Chase Fulfillment Services
Chase Fulfillment Services
4500 Cherry Creek Dr South, Ste 100
Mail Stop -Initial App-         09
**Glendale, CO 80246**



Ship Date: 08JUL10
ActWgt: 1.0 LB
CAD: 5654046/WSXI2200

Delivery Address Bar Code



Ref #    LLNC4039624544448519B7127D6951E9FF6

RMA #:
Return Reason:

SHIP TO:   (303) 226-8101          BILL THIRD PARTY

**Chase Fulfillment Services**
**Chase Fulfillment Services**
**4500 Cherry Creek Dr South, Ste 100**
**Mail Stop -Initial App-         09**
**Glendale, CO 80246**

TRK#
0221   7937 0972 8336

**FedEx RETURNS**
**STANDARD OVERNIGHT**

80246
CO-US
DEN





**Exhibit 3, Page 14**

# EXHIBIT 4

RECORDING REQUESTED BY:
SOUTHLAND TITLE OF SAN DIEGO

Recording Requested By:
PREMIUM CAPITAL FUNDING,
LLC D/B/A TOPDOT MORTGAGE

And After Recording Return To:
PREMIUM CAPITAL FUNDING,
LLC D/B/A TOPDOT MORTGAGE
125 JERICHO TURNPIKE,
SUITE 500
JERICHO, NEW YORK 11753
Loan Number: 08080268R

09/23/08

**20081708178**

3281-4-260

———————— [Space Above This Line For Recording Data] ————————

# DEED OF TRUST

| FHA CASE NO. |
|---|
| 1973910717734 |

MIN: 100280300000116726

THIS DEED OF TRUST ("Security Instrument") is made on   SEPTEMBER 11, 2008
The trustor is SHARIE-LEE GREEN, A SINGLE WOMAN, AND J. JAMES DANA AND
LAURA STRUBLE, HUSBAND AND WIFE, ALL AS JOINT TENANTS
                                                              ("Borrower").

The trustee is SOUTHLAND TITLE
                                                              ("Trustee").

The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).   MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
PREMIUM CAPITAL FUNDING, LLC D/B/A TOPDOT MORTGAGE, A NEW YORK
LIMITED LIABILITY COMPANY                                      ("Lender")
is organized and existing under the laws of   NEW YORK
and has an address of 125 JERICHO TURNPIKE, SUITE 500, JERICHO, NEW YORK
11753
Borrower owes Lender the principal sum of SIX HUNDRED SEVENTEEN THOUSAND SIX
HUNDRED TWENTY-FIVE AND 00/100   Dollars (U.S. $ 617,625.00   ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  OCTOBER 1, 2038   .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in
     LOS ANGELES   County, California:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A".

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST - MERS
6/96                                  Page 1 of 9           DocMagic *eForms* 800-649-1362
                                                            www.docmagic.com

**Exhibit 4, Page 1**

which has the address of ██████████████  ██████████████
[Street]

MARINA DEL REY          , California      90292          ("Property Address"):
[City]                                   [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.    Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
2.    Monthly Payment of Taxes, Insurance, and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST - MERS                Page 2 of 9          DocMagic *eForms* 800-649-1362
6/96                                                                    www.docmagic.com

Exhibit 4, Page 2

are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   **Application of Payments.**  All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.   **Fire, Flood and Other Hazard Insurance.**  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires.  Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary.  All insurance shall be carried with companies approved by Lender.  The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail.  Lender may make proof of loss if not made promptly by Borrower.  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly.  All of any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property.  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments.  Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control.  Borrower shall notify Lender of any extenuating circumstances.  Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted.  Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default.  Lender may take reasonable action to protect and preserve such vacant or abandoned Property.  Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence.  If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST – MERS
6/96

Page 3 of 9

DocMagic eForms 800-649-1362
www.docmagic.com

**Exhibit 4, Page 3**

6.   **Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument.  Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal.  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments.  Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.   **Charges to Borrower and Protection of Lender's Rights in the Property.**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2.  Borrower shall pay these obligations on time directly to the entity which is owed the payment.  If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.  These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.   **Fees.**  Lender may collect fees and charges authorized by the Secretary.

9.   **Grounds for Acceleration of Debt.**

(a)   **Default.**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b)   **Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c)   **No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d)   **Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST - MERS
6/96

Page 4 of 9

*DocMagic* 800-649-1362
www.docmagic.com

**Exhibit 4, Page 4**

paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e)  **Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within    60  DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to    60  DAYS                from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.  **Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if:  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11.  **Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12.  **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b).  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note:  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13.  **Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14.  **Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this  Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

15.  **Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16.  **Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law.  The preceding two sentences shall not apply

Borrower Initials: _____ _____ _____ _____ _____

FHA CALIFORNIA DEED OF TRUST - MERS
6/96

Page 5 of 9

*DocMagic ePforms* 800-649-1362
*www.docmagic.com*



to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

### NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST - MERS
6/96                               Page 6 of 9                    DocMagic *eForms* 800-649-1362
                                                                  www.docmagic.com

Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19.  Reconveyance.  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

20.  Substitute Trustee.  Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21.  Request for Notices.  Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

22.  Statement of Obligation Fee.  Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

23.  Riders to this Security Instrument.  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

| | | |
|---|---|---|
| [X] Condominium Rider | [ ] Graduated Payment Rider | [ ] Growing Equity Rider |
| [ ] Planned Unit Development Rider | [ ] Adjustable Rate Rider | [ ] Rehabilitation Loan Rider |
| [ ] Non-Owner Occupancy Rider | [ ] Other [Specify] | |

Borrower Initials: 

FHA CALIFORNIA DEED OF TRUST (MERS)
6/96

Page 7 of 9

DocMagic ℰℱℴℛℳℲ 800-649-1362
www.docmagic.com

Exhibit 4, Page 7

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
SHARIE-LEE-GREEN            -Borrower

_____ (Seal)
J. JAMES DANA              -Borrower

_____ (Seal)
LAURA STRUBLE              -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

Witness:                          Witness:

_____   _____

FHA CALIFORNIA DEED OF TRUST - MERS
6/96                          Page 8 of 9                    DocMagic eForms 800-649-1362
                                                             www.docmagic.com

**Exhibit 4, Page 8**

*10*

[Space Below This Line For Acknowledgment]

State of ~~California~~ *Oregon*                )
County of *Multnomah*                ) ss.
                                                                 )

On *9-16-08* before me, *Lindy Tripp, notary public*

personally appeared ~~SHARIE-LEE GREEN AND~~ J. JAMES DANA AND LAURA STRUBLE

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) ~~is/~~are subscribed to the within instrument and acknowledged to me that ~~he/she/~~they executed the same in ~~his/her/~~their authorized capacity(ies), and that by ~~his/her/~~their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**OFFICIAL SEAL**
**LINDY TRIPP**
NOTARY PUBLIC-OREGON
COMMISSION NO. A400613
MY COMMISSION EXPIRES DECEMBER 20, 2009

NOTARY SEAL

*Lindy Tripp*
NOTARY SIGNATURE

*Lindy Tripp*
(Typed Name of Notary)

FHA CALIFORNIA DEED OF TRUST - MERS
6/96                                    Page 9 of 9                    DocMagic *eFoRMs* 800-649-1362
                                                                                          www.docmagic.com

**Exhibit 4, Page 9**

State of California )
County of Los Angeles )

**CALIFORNIA ALL-PURPOSE
CERTIFICATE OF ACKNOWLEDGMENT**

On Sept. 11, 2008 before me, Robert P. Wheaton, Notary Public,
(here insert name and title of the officer)

personally appeared Sharie-Lee Green

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Robert P. Wheaton

ROBERT P. WHEATON
COMM. #1702414
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 29, 2010

(Seal)

*OPTIONAL INFORMATION*

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of Deed of Trust

_____

containing 9 pages, and dated Sept. 11, 2008

The signer(s) capacity or authority is/are as:
- [X] Individual(s)
- [ ] Attorney-in-Fact
- [ ] Corporate Officer(s) _____
  Title(s)

- [ ] Guardian/Conservator
- [ ] Partner - Limited/General
- [ ] Trustee(s)
- [X] Other: a single woman
representing: herself
Name(s) of Person(s) or Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification
Proved to me on the basis of satisfactory evidence:
[X] form(s) of identification    O credible witness(es)

Notarial event is detailed in notary journal on:
Page # 75 Entry # 5

Notary contact: Robert P. Wheaton

Other
- [ ] Additional Signer(s)   [ ] Signer(s) Thumbprint(s)
- [ ]

© Copyright 2007 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612   Form ACK03. 10/07.   To re-order, call toll-free 1-877-349-6588 or visit us on the Internet at http://www.notaryrotary.com

**Exhibit 4, Page 10**

Loan Number:  08080268R

Date:  SEPTEMBER 11, 2008

Property Address: ███████████  ████████  MARINA DEL REY, CALIFORNIA 90292

### EXHIBIT "A"

### LEGAL DESCRIPTION

A.P.N.

DocMagic *eForms* 800-649-1362
www.docmagic.com

File No: 38314260

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

A Condominium Comprised of:

Parcel 1:

That portion of Lot 4 of Tract No. 25464, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 831, Page(s) 56, 57 and 58 of Maps, in the Office of the County Recorder of said County, shown and defined as Unit 48 on the Condominium Plan Recorded August 29, 1977 as Instrument No. 77-953104 of Official Records of said County.

Parcel 2:

An Undivided 1/84th interest in and to that portion of Lot 4 of said Tract No. 25464, in the City of Los Angeles, County of Los Angeles, State of California, shown and defined as "Common Area" on said Condominium Plan.

Except therefrom those portions shown and defined as Units 1 through 84 inclusive of said Condominium Plan.

Page 3

Exhibit 4, Page 12

FHA Case No. 1973910717734
Loan Number: 08080268R

## FHA CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this   11th   day of   SEPTEMBER 2008   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to   PREMIUM CAPITAL FUNDING, LLC D/B/A TOPDOT MORTGAGE, A NEW YORK LIMITED LIABILITY COMPANY
("Lender") of the same date and covering the Property described in the Security Instrument and located at:

██████████████   ████████   MARINA DEL REY, CALIFORNIA 90292

[Property Address]

The Property Address includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

VIA DOLCE CONDOS

[Name of Condominium Project]

("Condominium Project"). If the owners association or other entity which acts for the Condominium Project ("Owners Association") holds title to the property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

CONDOMINIUM COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.    So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring all property subject to the condominium documents, including all improvements now existing or hereafter erected on the Property, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners' Association policy.  Borrower shall give Lender prompt notice of any lapse in

Borrower Initials:  ____ ____ ____ ____

FHA-MULTISTATE CONDOMINIUM RIDER
Document Systems, Inc. (800) 649-1362                     Page 1 of 2

**Exhibit 4, Page 13**

required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the condominium unit or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.   Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the Condominium Project.

C.   If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)
SHARIE-LEE GREEN          Borrower

_____ (Seal)
LAURA STRUBLE             Borrower

_____ (Seal)
                          Borrower

_____ (Seal)
J. JAMES DANA             Borrower

_____ (Seal)
                          Borrower

_____ (Seal)
                          Borrower

FHA-MULTISTATE CONDOMINIUM RIDER
Document Systems, Inc. (800) 649-1362                    Page 2 of 2

**Exhibit 4, Page 14**